## SOUTH BEND BAIT CO. v. BERMAN.
### No. 467.

District Court, N. D. Indiana, South Bend Division.

April 27, 1933.

Frank M. Slough, of Cleveland, Ohio, and George J. Oltsch, of South Bend, Ind., for plaintiff.

Ely & Barrow, of Akron, Ohio, and Hubbard, Farabaugh & Pettengill, of South Bend, Ind., for defendant.

SLICK, District Judge.

This is a suit for infringement brought by plaintiff as assignee of Patent No. 1,833,-581 issued November 24, 1931, to William M. Jordan, covering a fishing lure. Application for the patent was filed June 24, 1931, by William M. Jordan of Birmingham, Ala.

Suit is against defendant, Abraham Berman, doing business as Berman's Sports Goods Store. Abraham Berman is the nominal defendant, the suit being openly and concededly defended by the Enterprise Manufacturing Company, a corporation of the state of Ohio, which company manufactured and sold to defendant Berman the devices which plaintiff claims infringe its patent.

Plaintiff relies upon claim No. 17 of the patent in suit, which reads as follows: "A lure comprising a relatively thin elongated plate, a weight carried by said plate at and below the level of the forward end of said plate to facilitate lateral reciprocatory movement of the plate as it sinks in the water and to prevent overturning of the plate, a hook carried by said plate with its barb disposed adjacent the rear end thereof, means secured to the rear end of the lure for movement independently thereof to retard sinking of the rear end of said lure, and means at the forward end of said lure for attachment of a fish line thereto."

Infringement of claim 17 of the patent in suit is admitted.

The main advantages of the invention claimed by the inventor and his assignee, the plaintiff, are that this lure will not spin in or plane out of the water; but, on the contrary, when being drawn through the water in trolling or winding up after a cast, it will merely oscillate laterally and will travel through the water instead of planing to the surface; and that when cast into the water it will sink with a fluttering motion, and, while sinking or trolling, the weighted head to which the fish line is attached is down and the other end to which is attached the hook together with a pork rind, bangle, or spinner, is up.

To real sportsmen, whether on the bench, or on the water, these advantages are at once apparent.

The Enterprise Manufacturing Company manufactures what it calls a "Pippin" bait, and it is admitted by defendant that this Pippin bait or lure infringes claim 17 of the patent in suit. Defendant and the Enterprise Manufacturing Company, the manufacturer, claim justification for the infringement by virtue of an invention by one Charles T. Pflueger, vice president and superintendent of said manufacturing company. Pflueger filed application for a patent May 13, 1929. Jordan filed application for his patent June 24, 1931.

Jordan and Pflueger both claim priority, and, in addition, defendant claims that Jordan's patent, although admittedly infringed, is invalid because of prior manufacture, use, and sale of baits by one Knight in Tiffin, Ohio, and by one Arbogast, which latter bait was called "Tin-Liz lure."

There does not seem to be much similarity between the lures made and sold by the Enterprise Manufacturing Company (the Pippin) and the South Bend Bait Company, the plaintiff, on the one hand, and the Knight and Arbogast baits on the other. Nor does the evidence regarding either the Knight or Arbogast baits rise to the dignity of anticipatory devices.

The principal and decisive question is one of prior invention as between Jordan and Pflueger. Plaintiff's proof is clear and conclusive that Jordan was working on, testing, and developing lures similar to that described in claim No. 17 of the patent in suit as early as 1924; that he continued his tests in 1926, 1927, and 1928 and submitted them to plaintiff in the spring of 1928 with the idea of having them manufactured and sold by plaintiff; and that they actually were commercially produced by plaintiff in June, 1929, and were on the market for sale in July of that year.

This record of invention, tests, trials, negotiations, manufacture, exploitation, and sale from 1924 to 1929 does not indicate in any way abandonment or an intention to abandon. Rather it shows an intention to continue the experiments and reasonable diligence and an effort to perfect the device.

The evidence of the defendant tended to show that Pflueger reduced his Pippin bait to practice as early as 1925. He did not file his application for a patent until May 13, 1929, and it is fair to assume that he, like Jordan, was experimenting, testing, and improving during the seasons from 1925 to 1929.

There really is no good reason for disbelieving the testimony of either the witnesses for the plaintiff or for the defendant on the question of priority or prior reduction to practice. Both Jordan and Pflueger were experimenting—Jordan as early as 1924 and Pflueger in 1925. Neither was satisfied and both continued the tests and both made im-

provements. Both worked diligently and neither knew, so far as the evidence discloses, of the efforts of the other. Both showed progress and made improvements. Jordan conceived and reduced his conception to practice in 1924. Pflueger's date of conception was 1925. Jordan neither abandoned nor concealed his invention.

Therefore, plaintiff, as assignee, is entitled to prevail.

Note: Entry for judgment shows permanent injunction ordered, costs against defendant. No accounting.